UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DRYWALL TAPERS AND POINTERS OF
GREATER NEW YORK LOCAL UNION 1974,
AFFILIATED WITH INTERNATIONAL
UNION OF ALLIED PAINTERS AND
ALLIED TRADES, AFL-CIO,

                        Petitioner,

– against –

CCC CUSTOM CARPENTRY CORP.,

                        Respondent.

**OPINION & ORDER**

20 Civ. 946 (ER)

Ramos, D.J.:

      The Drywall Tapers and Pointers of Greater New York Local Union 1974 ("Local 1974"), petitions the Court to confirm an arbitration award against CCC Custom Carpentry Corp. invoking the Court's jurisdiction under 29 U.S.C. § 185. For the reasons stated below, the petitioner's motion to confirm the arbitration award is GRANTED in part and DENIED in part.

**I. BACKGROUND**

      Local 1974 is a Manhattan-based labor organization as defined by Section 301 of the Taft-Harley Act, 20 U.S.C. § 185. Petition ¶ 2, Doc. 1. Custom Carpentry is a New York corporation with a principal place of business in Hicksville, New York. *Id.* ¶ 3.

      The relationship between Local 1974 and Custom Carpentry is governed by a collective bargaining agreement between Local 1974 on the one hand and the Drywall Taping Contractors' Association of Greater New York and the Association of Wall-Ceiling & Carpentry Industry of New York, Inc. on the other hand. Kugielska Decl. ex. B ("CBA"), Doc. 3. That agreement requires employers of Local 1974 members to remit contributions per weekly pay period to a collection of insurance and pension funds and file weekly reports of those remittances. *Id.* art.

XX § 1(f). The agreement allows for the union to complain to an arbitral "Joint Board" of union and trade association representatives should an employer fail to make these remittances. *Id.* art. XX § 7(c). Article XX of the agreement, governing remittances, does not prescribe that attorneys' fees may be recovered in judicial actions arising from these arbitral proceedings.

Article XIII of the agreement described the structure and procedure of such arbitral proceedings, including the composition of the Joint Board. The agreement provides for awards made in default and indicates that any such awards are "final and binding upon the complainant and respondent . . . and judgment may be entered upon the award in accordance with applicable law in any court having jurisdiction thereof." Agreement Art. XIII §§ 2(g), 3(c). The agreement also included a schedule of fines, including that the penalty for missing a remittance report shall "be not less than" $500 per missing remittance report. *Id.* § 6. Article XIII does not prescribe any an award of attorney's fees after a motion to confirm an arbitration award is rendered in federal court.

The agreement also provides that employers shall pay for the cost of administering the Joint Board and its proceedings:

> The cost of administration necessary to carry out the functions of the Joint Board shall be borne by all Employers in agreement with Local Union 1974 and shall for all purposes constitute an expense of doing business under this Agreement. Commencing June 28, 2017, each Employer shall pay the sum of twenty ($.20) cents per hour for each Journeyperson and/or Apprentice, for the administration of the Joint Board. This contribution shall be included in the prepayment stamp plan. If the Employers fail to pay the administrative charges to the Joint Board, the Joint Board shall have the right to take whatever steps are necessary to recover the administrative charges owing to the Joint Board and the Employer shall be liable for all costs for collections of the payments due together with attorney's fees and such penalties as may be assessed by the Joint Board.

Agreement art. XV.

On October 9, 2019, Local 1974 initiated an arbitration under its collective bargaining agreement against Custom Carpentry alleging that Custom Carpentry failed to submit remittance reports in violation of the agreement for the periods of March 5, 2019 to July 2, 2019 and July 9, 2019 to September 10, 2019 (*i.e.*, 26 weekly pay periods).  Kugielska Decl. ex. A ("Award") at 1.  Local 1974 served notice of the arbitration on Custom Carpentry via the U.S. Postal Service by letter dated October 9, 2019.  Award at 1; Kugielska Decl. ex. D.  The arbitration hearing itself was held on October 28, 2019 in Manhattan.  Award at 1.  No representative of Custom Carpentry appeared.  *Id.* at 2.  After hearing testimony from business representatives, the arbitration panel found Custom Carpentry guilty and levied $14,000 in fines.  *Id.*  Through counsel, Local 1974 served notice of the award on Custom Carpentry via certified mail with letters dated November 4, 2019 and November 14, 2019.  Kugielska Decl. exs. E, F.

Local 1974 initiated this action on February 4, 2020 and served Custom Carpentry via delivery to the New York Secretary of State on February 6, 2020.  Doc. 7.  With Custom Carpentry having failed to appear, Local 1974 moved for entry of default against the company on March 23, 2020.  Doc. 13.  In response, the Court issued an Order to Show Cause, Doc. 18, which was served on Custom Carpentry via first class mail on April 17, 2020, Doc. 19.  Custom Carpentry did not answer that Order of this Court.

**II.    LEGAL STANDARDS**

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court.  *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006).  The Court is required to grant the award unless it is vacated, modified, or corrected.  *Id.* (quoting 9 U.S.C. § 9).  An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract

action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal punctuation and quotation marks omitted). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal citation and quotation marks omitted). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal citation and quotation marks omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for The Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) (internal quotation and alterations omitted) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record."). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR*

*Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III.   THE ARBITRATION AWARD

The Court has conducted a limited review of the arbitration agreement entered into by the parties and the ensuing arbitration award. Despite the Custom Carpentry's default, the arbitrator heard evidence from the Local 1974 showing that Custom Carpentry had failed to submit remittance reports as mandated by the collective bargaining agreement for 26 pay periods. Based

on that testimony, the arbitral panel found Custom Carpentry guilty of the violation and fined it $14,000 or approximately $538 per missed report. Although the fine per missing report is greater than the $500 per report scheduled in the collective bargaining agreement, the schedule of fines in the agreement sets those fines as minimums, rather than maximums. Therefore, there is no indication that this decision was made arbitrarily, that it exceeded the arbitrator's jurisdiction under the agreement, or that it was contrary to law. *See Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party.").

Accordingly, the Court finds that based on the record provided, together with the appropriate narrow level of review, there is no disputed material issue of fact and the arbitration award should be CONFIRMED. *See Landy*, 954 F.2d at 797 ("[A]n arbitration award should be enforced . . . if there is 'a barely colorable justification for the outcome reached.'" (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978))).

IV.     **FEE & COST APPLICATION**

"Under the prevailing American rule, in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (citations omitted) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)).

In the absence of statutory authority for an award of fees and costs, Local 1974 cites to Article XV of the collective bargaining agreement as giving this Court authority to award attorney's fees. But that provision is inapplicable to this action. It applies only to "administrative charges owing to the Joint Board," not fines levied for violations of the collective bargaining agreement, as this award is. Furthermore, the enforcement mechanisms applying to arbitration awards are already laid out in detail in Article XX and do not provide for the award of attorneys' fees in the event Local 1974 is forced to confirm an arbitration award in Court.

Absent any statutory or contractual authority to do so, the Court DENIES Local 1974's motion for attorneys' fees and costs.

## V. CONCLUSION

For the reasons stated above, Local 1974's motion is GRANTED in part and DENIED in part. The arbitration award is confirmed, and the Clerk of the Court is directed to enter judgment in favor of Local 1974 in the amount of $14,000 against Custom Carpentry. This judgment shall accrue post-judgment interest as mandated in 28 U.S.C. § 1961. *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). The application for attorneys' fees and costs is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 13, and close the case.

It is SO ORDERED.

Dated:  August 5, 2020
        New York, New York

_____
Edgardo Ramos, U.S.D.J.